William D. Hyslop
United States Attorney
Eastern District of Washington
Earl A. Hicks
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 15, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>       v.<br><br>WILLIAM RAY CLONINGER, JR.,<br><br>            Defendant. | 2:19-CR-0216-WFN-1<br><br>Plea Agreement |

Plaintiff United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington; Earl A. Hicks, Assistant United States Attorney for the Eastern District of Washington; Defendant, WILLIAM RAY CLONINGER, JR., and Defendant's counsel, J. Stephen Roberts, Jr., agree to the following Plea Agreement:

1. <u>Waiver of Physical Presence; Guilty Plea; Maximum Statutory Penalties</u>:

The Defendant, WILLIAM RAY CLONINGER, JR., (hereinafter Defendant), by and through this Plea Agreement and pursuant to CARES Act § 15002(b)(2), Pub. L. No. 116-136 (H.R. 748) (eff. March 27, 2020), and General Order No. 20-101-3 (E.D.Wa. Mar. 30, 2020), expressly waives his right to be physically present, *see* Fed. R. Crim. P. 43(a), and consents to appear by video teleconferencing and agrees to plead guilty to Count 5 of the Indictment filed on

Plea Agreement - Cloninger - 1

December 18, 2019, charging him with Passing Counterfeit Currency, in violation of 18 U.S.C. § 472, and Count 8 of the Indictment filed on December 18, 2019, charging him with Manufacturing Counterfeit Currency, in violation of 18 U.S.C. § 471.

Defendant understands that Passing Counterfeit Currency (Count 5) and Manufacturing Counterfeit Currency of the United States (Count 8) are both Class C felonies. Defendant understands the maximum statutory penalties for Passing Counterfeit Currency, in violation of 18 U.S.C. § 472 and Manufacturing Counterfeit Currency of the United States, in violation of 18 U.S.C. § 471, as to each count, are as follows: 1) not more than a twenty (20) year term of imprisonment; 2) a fine not to exceed $250,000; 3) not more than a three (3) year term of supervised release; 4) restitution; and 5) a $100 special penalty assessment.

The Defendant understands that the Court may impose consecutive sentences based upon his pleas of guilty to these two (2) counts.

Defendant understands that if he violates his supervised release conditions, he could be imprisoned for up to two (2) years. *See* 18 U.S.C. § 3583(e)(3). Defendant also understands that he would not receive credit for any time already served on post-release supervision.

    2.    <u>The Court is Not a Party to the Agreement:</u>

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. Defendant understands that the Court is not obligated to accept the parties' recommendations and that the Court may, in its discretion, impose any sentence, including the statutory maximums set forth above.

Defendant acknowledges that no promises of any type have been made to him with respect to the sentence the Court will impose in this matter. Defendant

Plea Agreement - Cloninger - 2

understands that the Court is required to consider the applicable advisory sentencing guideline range, but may depart or vary upward or downward under the appropriate circumstances after considering the sentencing factors set forth in 18 U.S.C. § 3553(a).

Defendant also understands that, if the Court does not accept the parties' recommendations, then that decision is not a basis for withdrawing from either this Plea Agreement or this plea of guilty.

3. <u>Waiver of Constitutional Rights:</u>

Defendant understands that, by entering his pleas of guilty, Defendant is knowingly, and voluntarily waiving certain constitutional rights, including:

(a). the right to a jury trial;
(b). the right to see, hear and question the witnesses;
(c). the right to remain silent at trial;
(d). the right to testify at trial; and
(e). the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands he retains the right to be assisted, through the sentencing and any direct appeal of the conviction and sentence, by an attorney who will be appointed at no cost if Defendant cannot afford to hire an attorney. Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4. <u>Elements of the Offenses:</u>

The United States and Defendant agree that, in order to convict Defendant of Count 5 of the Indictment, filed on December 18, 2019, in case number 2:19-CR-0216-WFN-1, which charges the Defendant with Passing Counterfeit Currency, in violation of 18 U.S.C. § 472, the United States would have to prove beyond a reasonable doubt the following elements:

*First*, on or about September 17, 2019, in the Eastern District of Washington, Defendant knowingly passed three (3) falsely made, forged, or counterfeited $20 Federal Reserve Notes, (FRN) bearing serial number MF09154877K, at Cricket Wireless located at 13817 E. Sprague Ave. #10, Spokane, Valley, WA, 99216 and,

*Second*, Defendant acted with intent to defraud.

The United States and Defendant agree that, in order to convict Defendant of Count 8 of the Indictment, filed on December 18, 2019, in case number 2:19-CR-0216-WFN-1, which charges the Defendant with Manufacturing Counterfeit Currency, in violation of 18 U.S.C. § 471, the United States would have to prove beyond a reasonable doubt the following elements:

*First*, on or about October 16, 2019, in the Eastern District of Washington, Defendant made, forged, or counterfeited currency, to wit; seven (7) $20 counterfeit FRNs, bearing serial number MG43818307D and,

*Second*, Defendant acted with intent to defraud.

5. <u>Factual Basis and Statement of Facts:</u>

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty pleas. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the

Plea Agreement - Cloninger - 4

guideline computation or sentencing, unless otherwise prohibited in this Plea Agreement.

On June 6, 2019, in an effort to obtain additional information, United States Secret Service (USSS) contacted Home Depot Loss Prevention Officer (LPO) M.H., in reference to the Spokane Resident Office (SRO) receiving counterfeit FRNs through the Spokane Cash Vault from Home Depot store #4714 located at 5617 E. Sprague Ave., Spokane Valley, WA 99212. USSS then started an investigation which identified the Defendant as the primary suspect in the passing of $20 counterfeit FRNs.

Count 5:

On September 20, 2019, USSS SA Redder responded to Cricket Wireless, located at 13817 E. Sprague Ave. #10, Spokane Valley, WA, 99216, in reference to picking up counterfeit FRNs. Upon his arrival, he met with employee P.W. who provided the following information:

On September 17, 2019, a white male (later identified as William Ray Cloninger Jr.), came into the store and added himself to S.L.'s account. Defendant was accompanied by a white female who identified herself as S.L. S.L. authorized the Defendant to be added to her account. The male picked out a cell-phone and paid for the item with three $20 counterfeit FRNs bearing serial number MF09154877K. The transaction was videotaped. USSS Resident Agent in Charge (RAIC) of the SRO, Gregory Ligouri, reviewed the videotape and was able to identify the Defendant as the person who passed the three $20 counterfeit FRNs. RAIC Ligouri had previously investigated and arrested the Defendant for Manufacture and Passing Counterfeit Federal Reserve Notes.

Count 8:

On October 16, 2019, USSS received a call from United States Probation Officer (USPO) Richard Law stating the US Marshals Service had arrested the

Plea Agreement - Cloninger - 5

Defendant at his trailer on an outstanding federal probation violation warrant. Defendant's trailer was located in the backyard of 3526 E. Courtland Ave, Spokane, WA. USPO Law advised that upon their arrival they knocked on the trailer door and took Defendant into custody. During a search incident to Defendant's arrest they located what they believed to be counterfeit $20 FRNs in his wallet intermixed with genuine FRNs.

RAIC Ligouri and SA Redder, responded to Defendant's residence and confirmed the suspected counterfeit currency located in Defendant's wallet was in fact counterfeit.

RAIC Ligouri and SA Redder interviewed Defendant outside his trailer to determine his involvement in manufacturing and passing counterfeit FRNs. Defendant was advised of his Miranda Rights by RAIC Ligouri. Defendant waived his rights and agreed to talk with USSS.

When asked, Defendant acknowledged he remembered RAIC Ligouri from his previous federal arrest by the USSS in 2016. Defendant advised he has been manufacturing and passing counterfeit for about one month and passing counterfeit since April or May. When asked who provided the counterfeit FRNs when he was just passing, Defendant had no response. Defendant advised he, was "washing" $1 genuine FRNs and reprinting them with counterfeit $20 FRNs, as he had done in 2016. Defendant admitted he had just printed $140 worth of counterfeit FRNs five (5) minutes before the US Marshals had showed up to arrest him. Defendant indicated when the US Marshals knocked on his door he thought it was his buddy and invited them in. Defendant stated he mostly passed counterfeit at Home Depot and Lowes because he looked at them as "corporate America" and, that "they rob us every day." Defendant also stated that when he passes counterfeit he intermixes it with genuine notes to conceal the counterfeit.

On October 16, 2019, USSS executed a Federal Search Warrant at the

Plea Agreement - Cloninger - 6

Defendant's residence. During the search USSS seized the following items as evidence, of Defendant's manufacture and passing of counterfeit FRNs:

1. 7 counterfeit $20 FRNs bearing serial number MG43818307D
2. 1 genuine $20 FRN bearing serial number MG43818307D (Pattern Note)
3. 1 genuine $20 FRN bearing serial number IG80689380C
4. 1 genuine $20 FRN bearing serial number MK78003066F
5. 1 genuine $20 FRN bearing serial number MF12903252A
6. 1 genuine $20 FRN bearing serial number MJ42289817A
7. 1 genuine $20 FRN bearing serial number MD13130892A
8. 1 genuine $10 FRN bearing serial number ML36028487B
9. 1 counterfeit detection pen
10. 1 Canon Pixma Scanner/Printer serial number KMCT25146
11. 1 counterfeit $20 FRN template bearing serial number MG43818307D, placed inside (on the glass) of Canon Pixma Scanner/Printer serial number KMCT25146
12. 1 Canon Pixma Scanner/Printer serial number AFKY60443
13. 1 counterfeit $100 template bearing serial number MG36544167A, placed inside (on the glass) of Canon Pixma Scanner/Printer serial number AFKY60443
14. 1 Kodak ESPC310 Scanner/Printer serial number M117776
15. 1 Canon Pixma Scanner/Printer KLYE49824

6. <u>The United States Agrees:</u>

   a) <u>Dismissal</u>:

   The Defendant understands and agrees that the United States will move to dismiss with prejudice Counts 1-4 and 6-7 of the Indictment, filed on December 18, 2019, in case number 2:19-CR-0216-WFN-1, after Defendant has been sentenced by the Court.

   b) <u>Not to File Additional Charges</u>:

   The United States Attorney's Office for the Eastern District of Washington, agrees not to bring any additional charges against Defendant based upon information in its possession, at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in this Indictment, unless Defendant breaches this Plea Agreement, any time before sentencing.

7. <u>United States Sentencing Guideline Calculations:</u>

   Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "USSG") are applicable to this case, and that the Court will determine Defendant's applicable advisory sentencing guideline range at sentencing.

   a) <u>Base Offense Level</u>:

   The United States and Defendant agree that the base offense level for Passing and Manufacturing Counterfeit Currency is 9. *See* USSG § 2B5.1(a).

   b) <u>Specific Offense Characteristics</u>:

   The United States and Defendant agree that only the following specific offense characteristics under the Guidelines apply:

       i. USSG §2B5.1(b)(2)(A) adds 2 (two) levels because the Defendant manufactured counterfeit currency.

Plea Agreement - Cloninger - 8

     ii.  USSG §2B5.1(b)(2)(B)(ii) adds 2 (two) levels because the counterfeit currency was made from genuine United States currency paper which had the ink removed.

     iii.  USSG §2B5.1(b)(3) applies and raises the offense level to 15.

  c)  <u>Acceptance of Responsibility:</u>

  If Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility, for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement no later than the next scheduled pre-trial conference, and enters a plea of guilty as soon thereafter, as it may be placed on the court's docket, the United States will recommend that Defendant receive a two (2) level reduction for acceptance of responsibility. *See* USSG §3E1.1(a).

  Defendant and the United States agree that the United States may, at its option and upon written notice to Defendant, not recommend a two (2) level downward reduction for acceptance of responsibility if, before sentencing, Defendant is charged or convicted of any criminal offense whatsoever, or if Defendant tests positive for any controlled substance.

  Therefore, the United States and Defendant agree that Defendant's final adjusted offense level is 13.

  d)  <u>Criminal History:</u>

  The United States and Defendant have made no agreement and make no representations as to the criminal history category, which will be determined by the Court, after the Presentence Investigative Report is completed.

Plea Agreement - Cloninger - 9

8. <u>Departures and Variances</u>:

Defendant may request a downward departure or variance from the sentencing guidelines. The United States reserves the right to oppose such a request.

9. <u>Incarceration</u>:

The United States agrees to recommend that the Court impose a sentence within the applicable advisory sentencing guideline range as determined by the Court. The United States will also recommend a sentence of seven months imprisonment to run consecutively to the term of imprisonment imposed under this case for the Defendant violating his supervised release under case number 2:16 CR 0131-WFN-1. Defendant is free to recommend any sentence he deems appropriate.

10. <u>Criminal Fine</u>:

The United States and Defendant are free to make whatever recommendation concerning the imposition of a criminal fine they believe is appropriate.

11. <u>Supervised Release</u>:

The United States and Defendant agree to recommend that the Court impose a three (3)-year term of supervised release.

12. <u>Restitution</u>:

Defendant agrees to pay restitution of approximately $540.00. The amount of restitution will be determined by the Court at sentencing. USSS seized $110.00 in genuine United States currency from the Defendant on October 16, 2019. This money shall be used to pay restitution to the victims of his counterfeiting crimes. This does not include 1 genuine $20 FRN bearing serial number MG43818307D which was used as a pattern note in the manufacture of counterfeit currency.

Plea Agreement - Cloninger - 10

The United States and Defendant hereby stipulate and agree that, pursuant to 18 U.S.C. §§ 3663, 3663A and 3664, the Court should order Defendant to pay restitution the amount of $540.00, plus interest, which represents the total amount of loss attributable to Defendant.

Defendant agrees fully to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant understands and agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613 and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the Court. Defendant understands that any monetary debt Defendant owes related to this matter may be included in the Treasury Offset Program ("TOP") to potentially offset Defendant's federal retirement benefits, tax refunds, and other federal benefits. Defendant expressly authorizes the United States Attorney's Office to obtain a credit report on Defendant. Defendant agrees to provide waivers, consents or releases requested by the United States Attorney's Office to access records to verify the financial information.

Defendant agrees to notify the Financial Litigation Unit of the United States Attorney's Office before Defendant transfers any interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by Defendant, including any interest held or owned under any name, including trusts, partnerships and corporations. Further, pursuant to 18 U.S.C. § 3664(k), Defendant shall notify the court and the United States Attorney's Office immediately of any material change in Defendant's economic circumstances that might affect Defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts or any other acquisition of assets or money.

Pursuant to 18 U.S.C. § 3612(b)(1)(F) Defendant understands and agrees that until a fine or restitution order is paid in full, Defendant must notify the United States Attorney's Office of any change in the mailing address or residence address within 30 days of the change.

13. Judicial Forfeiture

The Defendant agrees to voluntarily forfeit and relinquish any and all right, title and interest he has in the following identified assets to the United States:

1. A Canon Pixma Printer, serial number: KMCT25146;

2. A Canon Pixma printer, serial number: AFKY60443;

3. A Kodak printer, serial number: M117776;

4. A Canon Pixma printer, serial number: KLYE49824;

5. Power cables;

6. A Counterfeit Detection Pen; and

7. One (1) Genuine $20 (Pattern Note) S/N: MG43818307D.

The Defendant acknowledges that the asset(s) included in this agreement are subject to forfeiture as property representing proceeds or property that was used or intended to be used, to commit or to facilitate the commission of Passing Counterfeit Currency and/or Manufacture of Counterfeit Currency offenses, and are therefore forfeitable to the United States pursuant to 18 U.S.C. § 982 or 18 U.S.C. § 492, and 28 U.S.C. § 2461.

The Defendant agrees to hold all law enforcement agents and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure, abandonment, or forfeiture of any asset covered by this agreement.

Plea Agreement - Cloninger - 12

The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the asset(s). Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

The Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the asset(s) the Defendant is agreeing to forfeit in this Plea Agreement.

14. <u>Mandatory Special Penalty Assessment:</u>

Defendant agrees to pay the $200 mandatory special penalty assessment to the. Clerk of the Court at the time of sentencing. *See* 18 U.S.C. § 3013.

15. <u>Payments If Incarcerated:</u>

If a sentence of custody is imposed and Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, then Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

16. <u>Additional Violations of Law Can Void Plea Agreement:</u>

Defendant and the United States agree that the United States may, at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, before sentence is imposed, Defendant is charged or convicted of any criminal offense whatsoever, or if Defendant tests positive for any controlled substance.

17. <u>Appeal Rights:</u>

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby reserves the

Plea Agreement - Cloninger - 13

right to appeal the following: 1) a sentence above the high end of the advisory guideline range as determined by the Court plus a seven (7) month term of imprisonment for violating his term of supervised release; 2) any imposition of restitution order in excess of $1000; and 3) any specific offense characteristics not specifically agreed to in this Plea Agreement. All other direct appeal rights are waived. Defendant, further, expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any motion for reduction of sentence or other attack of the conviction or sentence, including but not limited to proceedings pursuant to 28 U.S.C. § 2255 (Writ of Habeas Corpus). Should this conviction be set aside, reversed, or vacated, this Plea Agreement is null and void and the United States may institute or re-institute any charges against the Defendant (including charges dismissed with prejudice).

18. Integration Clause:

The United States and Defendant, acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant. This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and therefore cannot bind other federal, state or local authorities. The United States and Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

William D. Hyslop
United States Attorney

*Earl A. Hicks* (signature)      April 14, 2020
_____      _____
Earl A. Hicks      Date
Assistant U.S. Attorney

I have read this Plea Agreement, have carefully reviewed, and discussed, every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

/s/ William R. Cloninger, Jr.      April 14, 2020
_____      _____
WILLIAM RAY CLONINGER, JR.      Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client.

The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties.

I concur in my client's decision to plead guilty as set forth in the Plea Agreement.

Plea Agreement - Cloninger - 15

There is no legal reason why the Court should not accept Defendant's plea of guilty.

/s/ J. Stephen Roberts, Jr.   April 14, 2020
_____   _____
J. Stephen Roberts, Jr.   Date
Attorney for Defendant

I certify I have reviewed this document (Plea Agreement) with the defendant and he has consented to my signature on his behalf.

Printed Attorney Name:   J. Stephen Roberts Jr.
Attorney Signature:  /s/ J. Stephen Roberts, Jr.   Date:  April 14, 2020

Plea Agreement - Cloninger - 16